IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

VICTOR PERRYMAN                                                                              PETITIONER

VS.                                                         CIVIL ACTION NO. 3:11CV154-DPJ-FKB

WARDEN JESSE JAMES STREETER                                                     RESPONDENT

**REPORT AND RECOMMENDATION**

This cause is before the Court on the petition for writ of habeas corpus filed by Victor Perryman, a state prisoner, and Respondent's motion to dismiss the petition as untimely. Petitioner has not responded to the motion. Having considered the motion, the undersigned recommends that the motion be granted and the petition dismissed with prejudice.

Petitioner was convicted in the Circuit Court of Copiah County, Mississippi, of the crimes of car jacking and aggravated assault. By order dated August 1, 2007, he was sentenced as an habitual offender to serve 30 years on the car jacking charge and 20 years on the aggravated assault charge, the sentences to run consecutively without the possibility of parole or early release. On March 19, 2009, the Mississippi Court of Appeals affirmed Perryman's convictions and sentences. After seeking and being denied discretionary review by the Mississippi Supreme Court, Perryman filed a petition for writ of certiorari to the United States Supreme Court. That petition was denied on January 25, 2010.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Perryman's judgment became final on January 25, 2010, the date on which his petition for a writ of certiorari to the United States Supreme Court was denied. Petitioner had one year from that date, or until January 25, 2011, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief (PCR) was pending in the state court. On December 10, 2010, Perryman filed in the Mississippi Supreme Court an application to proceed in the trial court with a motion for post-conviction relief; that application was denied on January 13, 2011. Under § 2244(d)(2), he is entitled to 35 days of statutory tolling for the time period during which his PCR application was pending; thus, Perryman's one year expired

on March 1, 2010 (one year from January 25, 2010, plus 35 days).

Perryman's federal habeas petition was received and stamped "filed" by this Court on March 16, 2010. However, under the "mailbox rule," a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999). Included in the court's file is the envelope in which Perryman's petition was received on March 16, 2011. [Dkt. #1, attachment #3]. The priority mail postage stamp on the envelope bears a date of March 11, 2011. This indicates that Perryman placed his petition in the hands of prison officials on March 11, 2011; Perryman has come forward with no evidence that he did so on an earlier date.[1] The undersigned concludes that Perryman's petition was filed approximately ten days too late and is therefore subject to dismissal as untimely.[2]

For these reasons, the undersigned recommends that the motion to dismiss be

---

[1] The petition itself is undated.

As stated previously, Perryman failed to respond to the present motion. He also failed to address the timeliness issue in his petition.

[2] The undersigned has wholly relied upon Respondent's calculations in reaching this conclusion. For example, Respondent calculated the state tolling period as having begun on November 29, 2011 - the date Perryman's PCR application was signed and allotted him 45 days of statutory tolling. The mailbox rule does not, however, apply to *state* post-conviction filings. *See Critchley v. Thaler*, 586 F.3d 318, 321 n. 2 (5th Cir. 2009). Thus, the correct date from which to calculate the commencement of the tolling period is December 10, 2010 - the date the application was actually filed with the state court. (Furthermore, if the mailbox rule *were* to apply, the number of days to be allowed for tolling would be 46, not 45, as the tolling period includes both the date of filing and the date of denial. *See Windland v. Quarterman* 578 F.3d 314, 317-318 (5th Cir. 2009)). Respondent also failed to consider the date on Perryman's envelope to this Court in determining the deemed filing date of the petition.

Case 3:11-cv-00154-DPJ-FKB   Document 9   Filed 07/18/11   Page 4 of 4


granted.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996). denied and that the Respondent be ordered to file an answer to the petition.

Respectfully submitted, this the 18th day of July, 2011.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE