IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VICTOR PERRYMAN                                                                          PETITIONER

VS.                                                                CIVIL ACTION NO 3:11cv154-DPJ-FKB

WARDEN JESSE JAMES STREETER                                                   RESPONDENT

### REPORT AND RECOMMENDATION

### I. INTRODUCTION

Victor Perryman was convicted of carjacking and aggravated assault in the Circuit Court of Copiah County, Mississippi. He was sentenced as a habitual offender to serve thirty years on the carjacking count and twenty years on the aggravated assault count, the sentences to run consecutively. The Mississippi Court of Appeals affirmed his conviction but modified his sentence for carjacking to fifteen years and a fine. *Perryman v. State*, 16 So. 3d 41 (Miss. Ct. App. 2009). The Mississippi Supreme Court denied his petition for a writ of certiorari. His motion for post-conviction relief was denied.

Perryman then filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, setting forth the following grounds for relief:[1]

1. The indictment was fatally defective.

2. There was insufficient evidence to convict him, as the State produced neither the alleged assault knife nor the vehicle that was supposedly the object of the carjacking.

3. The trial judge commented in the presence of the jury on Perryman's failure to testify.

---

[1]The grounds for relief have been restated by the undersigned for clarity.

    4.       The following acts and omissions by his defense attorney constituted ineffective assistance of counsel:

        A.      Requesting an erroneous jury instruction on the elements of carjacking.

        B.      Failing to object to the trial judge's comments regarding Perryman's failure to testify.

        C.      Failing to move to quash the indictment.

        D.      Producing at trial a photograph of the vehicle for no apparent reason other than to aid the prosecution.

Having considered these grounds for relief and having carefully reviewed the petition, the response, Perryman's reply, and the state court record, the undersigned recommends that habeas relief be denied.

## II. EVIDENCE AT TRIAL

Latoya Dente was an employee of the Hinds County Sheriff's Department. She testified that on the morning of March 22, 2007, she drove toward her home about 6:00 a.m. after spending the night away. As she approached her house, she met her mother and child driving down the street. Dente stopped, kissed her son, and continued to her home. When she exited her car at the house, a man whom she recognized from the neighborhood approached her. He identified himself as Victor Perryman and asked about obtaining a job application for the sheriff's department. Dente told him that she did not have an application form with her but would drop one off at the home of Perryman's sister, who lived on the same street as Dente. She then told Perryman that she needed to leave for work. Perryman left, and Dente went inside her home and retrieved her duty belt and radio before returning to her car. When she pulled out into the street, several CD's

started to slide in her car, and she slowed down and pulled over to retrieve them.  At this point, Perryman opened the car door, entered the vehicle, and cut Dente's throat with a sharp, shiny object.  The two struggled, and Dente managed to escape the moving vehicle.  As Perryman was driving away, Dente remembered that she was wearing her duty belt, grabbed her gun, and fired toward the car, piercing a tire.  Dente noted that her vehicle was making a very loud noise, and she saw Perryman drive it toward a nearby apartment complex.

Living on the same street as Dente was her aunt, Linda Coleman.  Dente went to her home for help.  The police were called, and Sgt. Brian Reynolds responded.  Both Coleman and Dente testified that while they were speaking with Reynolds, they heard Dente's vehicle and saw it at the Cumberland Apartments.  Shortly thereafter, Dente, Coleman, and Reynolds saw Perryman walk on a path from the apartments, and Dente and Coleman saw enter his sister's house.  Coleman and Reynolds both recalled seeing Perryman straightening his clothes, and Dente testified that he was wearing different clothes from those he had worn during the attack.

Tracy Dixon, a resident of the Cumberland Apartments, testified that she went outside that morning after hearing gunshots.  She saw Dente's vehicle, which had a flat tire, pull into the apartment complex, and she saw Perryman exit the vehicle, take off his shirt, and use it to wipe the doors and steering wheel of the vehicle.  Dixon testified that Perryman then proceeded down the path that led to Dente's street.

Perryman and his cousin, Michael Tremble, attempted to leave the home of Perryman's sister in Tremble's vehicle.  However, the police intercepted them.  Dente

walked up to Perryman and identified him as her attacker. She was then taken to the emergency room, where she required thirteen stitches in her neck.

Perryman called three witnesses to the stand. His sister, Denequa Perryman, and her roommate, Lataunia Catchings, both testified that Perryman was in the house with them at the time of the carjacking. Neither recalled hearing gunshots. Tremble testified that he came to the house that morning after Denequa called him and asked him to pick up Perryman and take him home. He left after police officers arrested Perryman. Perryman did not take the stand.

### III. ANALYSIS

All of the claims asserted in Perryman's petition were adjudicated on the merits by the state court, either in his direct appeal or in his application for post-conviction relief. They are therefore subject to the highly deferential standard of review set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d), which allows habeas relief in this case only if the state court's rejection of Perryman's claims involved "an unreasonable application of . . . clearly established Federal law . . . as determined by the Supreme Court of the United States" or "an unreasonable determination of the facts" in light of the evidence presented to the state court. *Id.* The Supreme Court has repeatedly emphasized that " 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Renico v. Lett*, 599 U.S. 766, 773 (2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law

4

erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, the application must be not only incorrect but also "objectively unreasonable." *Id.* at 409.

This court's review of Perryman's claims of ineffective assistance of counsel is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). Analysis of ineffective assistance claims begins with the well-known test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland'*s two-prong analysis, a petitioner must first show that his attorney's performance was deficient. 466 U.S at 688. "Deficient" means that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 690. If a petitioner succeeds in establishing deficiency on his counsel's part, then he must go on to demonstrate that his attorney's deficient performance prejudiced the defense such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The standard of review of an attorney's performance is "highly deferential," and a court considering an ineffectiveness claim is to "indulge a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance." *Id.* at 689.

The difficulty faced by a habeas petitioner in seeking to establish a claim of ineffective assistance is compounded when the claim is viewed through the lens of § 2254(d). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland'*s deferential standard." *Harrington v. Richter,* 131 S.Ct. 770, 788 (2011).

5

In short, a habeas petitioner's burden of overcoming AEDPA's deferential standard of review is an extremely difficult one; the burden only increases where a petitioner is asserting ineffective assistance claims.

***Defective Indictment***.  Mississippi's carjacking statute provides as follows:

> Whoever shall knowingly or recklessly by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, or attempting to do so, or by any other means shall take a motor vehicle from another person's immediate actual possession shall be guilty of carjacking.

Miss. Code Ann. § 97-3-117(1).  Perryman's indictment charged that he "did wilfully, unlawfully, feloniously and knowingly by force or violence take actual possession of one Toyota Passport from Latoya Dent [sic], the actual owner thereof . . . ." [24-1] at 8. Perryman claims that this language rendered the indictment fatally defective, as it did not allege that he had taken the vehicle from Dente's "immediate actual possession."

Federal habeas relief is not available for insufficiencies of a state indictment unless the petitioner can demonstrate that the indictment was so flawed that the trial court had no jurisdiction.  *Evans v. Cain,* 577 F.3d 620, 624 (5th Cir. 2009).  Where the state court has been presented the question of the indictment's sufficiency on appeal and has ruled that the indictment was not fundamentally defective, federal habeas review of the issue is foreclosed.  *Id.* at 624-25.  The Mississippi Court of Appeals found that the indictment against Perryman was sufficient under state law to provide him with notice that he was being charged with the crime of carjacking.  Thus, habeas relief is unavailable.

***Sufficiency of the Evidence***.  Perryman argues that there was insufficient evidence to convict him because there was no physical evidence to connect him with the crimes.  He suggests that the existence of the weapon and vehicle were "fabricated,"

6

although he offers no support for this theory. The evidence at trial, particularly the testimony of the victim, was sufficient to allow a rational trier of fact to find the essential elements of carjacking and aggravated assault beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). It follows, *ipso facto*, that the state court's rejection of this claim survives scrutiny under § 2254(d)(1).

***Right to Silence***. In his third ground for relief, Perryman contends that the trial judge violated his Fifth Amendment right to silence by commenting in the presence of the jury on his failure to testify. The undersigned has carefully reviewed the trial court record and can find no such comments. The trial judge's statements to Perryman concerning his right to testify or not to do so were made outside the presence of the jury. *See* [24-2] at 114-15. Nothing in anything the judge said in the presence of the jury can be construed as a reference to Perryman's failure to testify. This ground for relief has no basis in the record.

***Ineffective Assistance of Counsel***. Perryman's first claim of ineffective assistance is directed toward the jury instruction offered by the defense on the elements of carjacking. The instruction stated that the jurors were to find Perryman guilty of carjacking if they found beyond a reasonable doubt that he "[d]id knowingly or recklessly, by force or violence . . . [t]ake actual possession of a Toyota Passport from Latoya Dente, the actual owner thereof." [24-1] at 54. Perryman's argument regarding the instruction is essentially the same as his argument concerning the indictment, *i.e.*, that it did not include a reference to taking the vehicle "from another person's immediate actual possession." The state court, in reviewing this claim, found that the jury instruction contained all of the

7

essential statutory elements of the crime.  Clearly, there is a "reasonable argument that [Perryman's] counsel satisfied *Strickland's* deferential standard." *Harrington*, 131 S.Ct. at 778.  Indeed, Perryman has failed to articulate any argument that he did not do so.

Perryman next claims that his attorney's performance was deficient because he failed to object to the judge's comments in the presence of the jury concerning Perryman's choice not to testify and because he failed to move to quash the defective indictment.  As explained *supra*, the assumption underlying the former of these arguments is not supported by the record.  Furthermore, the state court found that the indictment was not defective; thus there was no basis for a motion to quash, and any such motion would have been futile.  Additionally, Perryman suggests that his attorney should have sought to quash the indictment because of the state's failure to produce a weapon or vehicle.  Perryman has failed to provide any support for this position, and the undersigned is aware of none.  These claims are without merit.

Finally, Perryman argues that his attorney rendered ineffective assistance by producing at trial a photograph of the vehicle in question.  During the cross-examination of the victim, Latoya Dente, defense counsel showed Dente a photograph of her vehicle and asked her whether she could definitively identify it as hers, pointing out the lack of a completely flat tire.   Perryman has failed to make any argument as to why this performance was deficient or how he was prejudiced by it.   No relief is warranted on this claim.

### IV.  CONCLUSION

8

Perryman has failed to establish that the state court's adjudication of any of his claims was contrary to, or involved an unreasonable application of, clearly established Supreme Court law or was based upon an unreasonable determination of the facts. Accordingly, the undersigned recommends that habeas relief be denied and the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 6th day of May 2014.

                                        /s/ F. Keith Ball
                                        UNITED STATES MAGISTRATE JUDGE